UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MARTINEZ,<br><br>　　　　　Petitioner,<br><br>　　　　v.<br><br>B. CATES,<br><br>　　　　　Respondent. | Case No. 2:21-cv-07337-FLA (MAR)<br><br>AMENDED FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Amended Final[1] Report and Recommendation is submitted to the Honorable Fernando L. Aenlle-Rocha, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

I.

**SUMMARY OF RECOMMENDATION**

Petitioner, Daniel A. Martinez ("Petitioner"), proceeding pro se, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging his 2018 conviction. ECF Docket No. ("Dkt.") 1 at 2. Respondent filed

---

[1] This Amended Final Report and Recommendation is nearly identical to both the original Report and Recommendation, Dkt. 12, and the Final Report and Recommendation, Dkt. 13, except that the Court has fixed typographical errors which have no bearing on the outcome of the Court's determination in the original or Final Report and Recommendation.

1  a Motion to Dismiss contending Petitioner failed to exhaust state remedies for the
2  second claim.  Dkt. 7 at 1.  For the reasons that follow, the Court recommends:  (1)
3  **GRANTING** the Motion to Dismiss; (2) dismissing Claim Two of the Petition
4  without prejudice; and (3) directing Respondent to file an Answer responding to
5  Claim One.

## II.

## PROCEDURAL HISTORY

### A.    STATE COURT PROCEEDINGS

On November 10, 2016, following a jury trial in the Los Angeles County Superior Court, Petitioner was found guilty of first-degree murder (Cal. Penal Code § 187(a)); second degree robbery (Cal. Penal Code § 211(a)); and unlawful firearm activity (Cal. Penal Code § 29805).  Dkt. 1 at 2; Lodgs.² 1 at 35–37; 4 at 2–3.  The jury also found true the special allegation that Petitioner personally used a firearm during the offenses (Cal. Penal Code § 12022.53(b), (c), (d), & (e)(1)) and found the gang enhancement (Cal. Penal Code § 186.22(b)(1)(A) & (b)(1)(C)) allegation true as to the murder but not as to the robbery.  Id.; Lodg. 1 at 35–37.  On January 4, 2018, Petitioner was sentenced to sixty-three (63) years to life in state prison.  Lodgs. 1 at 40-42; 4 at 3.

---

² The Court's citations to Lodged Documents refer to documents lodged in support of Respondent's October 29, 2021 Motion to Dismiss.  See Dkt. 7.  Respondent identifies the documents in Dkt. 8, as follows:

  (1)  Docket in Los Angeles County Superior Court case number BA426418 ("Lodg. 1");
  (2)  Codefendant Julio Reyes's Opening Brief filed in California Court of Appeal case number B287411 ("Lodg. 2");
  (3)  Petitioner's Opening Brief filed in California Court of Appeal case number B287411 ("Lodg. 3");
  (4)  Opinion filed in California Court of Appeal case number B287411 ("Lodg. 4");
  (5)  Codefendant Julio Reyes's Petition for Review filed in California Supreme Court case number S262007 ("Lodg. 5");
  (6)  Petitioner's Petition for Review filed in California Supreme Court case number S262007 ("Lodg. 6"); and
  (7)  Order denying Petition for Review in California Supreme Court case number S262007 ("Lodg. 7").

Dkt. 8 at 1–2 .

Petitioner timely appealed his convictions to the California Court of Appeal. Dkt. 1 at 2–3.  In his appeal, Petitioner presented three (3) issues in his brief:

    (1) The judgment must be reversed because the prosecutor discriminated on the basis of race in the exercise of his peremptory challenges;

    (2) The evidence was insufficient to support the gang enhancement under section Cal. Penal Code § 186.22(b)(1); and

    (3) The trial court abused its discretion when it failed to strike the gun enhancements in a case without convincing proof that appellant himself possessed a gun or shot one.

Lodg. 4 at 22–72  Petitioner also specifically joined the following arguments made in his codefendants' briefs:

    (1) Certain gang evidence was not admissible;

    (2) The admission of Sailor's statements to the paid informant deprived appellant of his right to confrontation and violated the hearsay rules;

    (3) The alterations of the transcript of the informant's conversation with Sailor deprived appellant of a fair trial; and

    (4) Cumulative error requires a reversal.

Lodg. 4 at 73.  Petitioner generally joined all other arguments of his codefendants to the extent they benefited him.  Id.  On April 15, 2020, the California Court of Appeal ordered the abstract of judgment corrected but otherwise affirmed the judgment. Lodg. 4 at 55.  On July 29, 2020, the California Supreme Court denied discretionary review.  Lodgs. 5–7 .  Petitioner has not filed any state petitions for postconviction relief.  Dkt. 1 at 3–5.

**B.**    **FEDERAL HABEAS PETITION**

On September 7, 2021, Petitioner constructively filed[3] the instant Petition. Dkt. 1. The Petition appears to present the following two (2) claims:

(1) Codefendant Sailor's statements to the paid informant (A.M.) lacked credibility ("Claim One");

(2) Petitioner was notified by the Division of Adult Institution that an illegal sentence was imposed ("Claim Two").

Id. at 3.

On October 29, 2021, Respondent filed a Motion to Dismiss contending Petitioner failed to exhaust his state remedies for Claim Two. Dkt. 7 at 1. Petitioner has not filed an Opposition.

## III.

## DISCUSSION

**A. CLAIM TWO HAS NOT BEEN PROPERLY EXHAUSTED AND THEREFORE IS SUBJECT TO DISMISSAL**

**1. Applicable law**

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a petitioner must fairly present his or her federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). A petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

---

[3] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

4

For a petitioner in California custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

### 2. Analysis

Here, although Petitioner filed a Petition for Review of the California Court of Appeal decision with the California Supreme Court, his petition did not include Claim Two. Lodg. 5–7. In his Petition for Review, Petitioner raised three (3) claims:

(1) the judgment must be reversed because the prosecutor discriminated on the basis of race in the exercise of his peremptory challenges;

(2) the evidence was insufficient to support the gang enhancement under Cal. Penal Code section 186.22(b)(1); and

(3) the trial court abused its discretion when it failed to strike the gun enhancements in a case without convincing proof that Petitioner himself possessed a gun or shot one.

Lodg. 6 at 23–36. None of these claims could be fairly construed to be identical to Claim Two, and therefore the state courts have not had "one full opportunity" to decide Claim Two. See O'Sullivan, 526 U.S. at 845; Gatlin, 189 F.3d at 888. Accordingly, Claim Two has not been properly exhausted and appears subject to dismissal.

## IV.
## RECOMMENDATION

Accordingly, Claim Two appears subject to dismissal because it is unexhausted.[4]  **IT IS THEREFORE RECOMMENDED** that the Court issue an Order:

    (1) accepting this Report and Recommendation;

    (2) **GRANTING** the Motion to Dismiss as to Claim Two;

    (3) dismissing Claim Two of the Petition without prejudice; and

    (4) directing Respondent to file an Answer responding to Claim One.[5]

Dated:  April 6, 2022

    HONORABLE MARGO A. ROCCONI
    United States Magistrate Judge

---

[4] Furthermore, as of the date of this Recommendation, Petitioner has not filed an Opposition to the Motion to Dismiss.  Petitioner's non-opposition may be fairly construed as consent to grant the Motion.  See L.R. 7-12.

[5] Respondent should not file an Answer, nor should Petitioner file a Reply, at this time.  The Court will issue instructions when and if this Report and Recommendation is accepted by the District Judge.

6